IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD L. FIORUCCI | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 3:06-CV-1084 |
| | : (JUDGE KOSIK) |
| THE CITY OF WILKES-BARRE, | : |
| THE CITY OF WILKES-BARRE | : |
| FIRE DEPARTMENT, | : |
| THOMAS LEIGHTON, and | : |
| FIRE CHIEF JACOB LISMAN | : |
| Defendants. | : |

**MEMORANDUM**

Before the court is the defendants' motion to dismiss the plaintiff, Donald Fiorucci's (hereinafter "Plaintiff") amended complaint. For the reasons that follow, we will grant the defendants' motion, dismiss Plaintiff's amended complaint, and close this case.

**I.   BACKGROUND**

Plaintiff began his employment as a Wilkes-Barre firefighter in 1973. (*See* Amended Complaint, Doc. 15 at ¶ 10). He was diagnosed with vascular necrosis in 1997. Plaintiff received numerous promotions throughout his career, reaching the rank of Deputy Chief in 2000. Plaintiff's vascular necrosis did not interfere with his ability to perform the activities required of a Deputy Chief.

In 2004, defendant Thomas Leighton was elected Mayor of Wilkes-Barre. Mayor Leighton appointed defendant, Jacob Lisman, Chief of the Wilkes-Barre Fire

1

Department. Plaintiff claims that on January 30, 2004, Lisman and Mayor Leighton demoted Plaintiff to the rank of Private. (*See* Amended Complaint, Doc. 15 at ¶ 21). Plaintiff contends that the defendants demoted him due to the fact that he had a disability and with the expectation that Plaintiff would be forced to retire. *Id*. at ¶¶ 36 and 63. Plaintiff was placed on Heart and Lung Benefits, a disability program available to firemen, on February 12, 2004. Plaintiff's benefits were based upon his rank as Private. Plaintiff notified the defendants that he would retire from the fire department by letter of May 29, 2004, to be effective May 31, 2004. *Id*. at ¶ 27.

Plaintiff filed a complaint with the Pennsylvania Human Relations Commission (PHRC) on October 18, 2004. (*See* Amended Complaint, Doc. 15 at ¶ 4). He cross-filed the complaint with the Equal Employment Opportunity Commission (EEOC). Plaintiff filed a complaint in this court on May 30, 2006. Plaintiff's original complaint included the following counts: violation of Americans' with Disabilities Act (ADA), violation of the Pennsylvania Human Relations Act (PHRA), violation of 42 U.S.C. § 1983, constructive discharge, violation of public policy, and breach of contract. *See* Complaint, Doc. 1). Neither the ADA nor the § 1983 counts asserted claims based upon constructive discharge. The defendants filed a motion to dismiss asserting that Plaintiff's federal claims were barred by the statute of limitations. (*See* Motion to Dismiss, Doc. 7). Plaintiff filed an amended complaint on October 12, 2006. Plaintiff's amended complaint includes the same counts as the original complaint. The only relevant change from the original complaint is the addition of language alleging that Plaintiff was forced to retire as a result of the ADA and § 1983 violations.

2

(*See* Amended Complaint, Doc. 15 at ¶¶ 34 & 59).  The defendants filed a motion to dismiss Plaintiff's amended complaint on November 6, 2006.  (Doc. 16).  The parties filed response and reply briefs. (Docs. 23 and 24).

## II.     STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  The Rules further counsel this court to construe all pleadings, "as to do substantial justice."  Fed.R.Civ.P. 8(f). When ruling on a motion to dismiss, a district court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in favor of the non-moving party.  *Consolidated Rail Corp. v. Portlight, Inc.*, 188 F.3d 93, 94 (3d. Cir. 1999) (citations omitted); *Doe v. Division of Youth and Family Services, et. al*, 148 F. Supp. 2d 462 (D.N.J. 2001).  Granting a motion to dismiss is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must decide not whether the plaintiff will prevail on his or her claims, but rather, whether the claimant is entitled to offer proof to support his or her claims. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  It is the defendant's burden to demonstrate that the plaintiff has not stated a viable claim. *Gould Electric Inc. v. U.S.,* 220 F.3d 169, 178 (3d Cir. 2000).

Expiration of the statute of limitations is generally raised as an affirmative defense pursuant to Fed.R.Civ.P. 8(c).  The limitations defense may be raised in a

3

motion to dismiss for failure to state a claim under Rule 12(b)(6) if, "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Const. Corp.,* 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting *Hanna v. United States Veterans' Administration Hospital*, 514 F.2d 1092, 1094 (3d Cir. 1975)). In a Rule 12(b)(6) motion, the defendant bears the burden of demonstrating that the plaintiff has not stated a viable claim. *See Gould Electric Inc. v. U.S.,* 220 F.3d 169, 178 (3d Cir. 2000). A complaint may not be dismissed under Rule 12(b)(6) as untimely under the relevant statute of limitations unless it is plain from the face of the complaint that it was not timely filed. *Hunt v. Pa Dep't of Corr.*, 174 Fed. Appx. 679, 681 (3d Cir. 2006) (citations omitted).

## III.   DISCUSSION

The defendants assert that Plaintiff's ADA and § 1983 claims are barred by the applicable two-year statute of limitations. They contend that Plaintiff's federal claims accrued the day that he was demoted from Deputy Chief to Private in the Wilkes-Barre Fire Department, January 30, 2004. The defendants argue that Plaintiff's filing of a PHRC complaint, cross-filed with the EEOC, in October of 2004, did not toll the statute of limitations relevant to the two federal claims. They posit that the statute of limitations on Plaintiff's ADA and § 1983 claims expired before Plaintiff filed a complaint in this court on May 30, 2006. The defendants further challenge Plaintiff's naming both the City of Wilkes-Barre and the City of Wilkes-Barre Fire Department as defendants in this case. Finally, they aver that the constructive discharge claim in the amended complaint does not relate back to the date Plaintiff filed the initial

complaint.

Plaintiff acknowledges that the statute of limitations for ADA and § 1983 claims is two years. (*See* Brief in Opposition, Doc. 23 at p. 4 and 6). He counters, however, that the accrual date is the day he was forced to retire, May 31, 2004. Plaintiff argues that the date of his demotion to Private was only included in the amended complaint, "for the purposes of showing a policy, scheme and design by the Defendants to discriminate against the Plaintiff because of his disability and subsequent filing for Heart and Lung and Workers' Compensation." (Brief in Opposition, Doc. 23 at p. 4). He further notes that the initial complaint contained an entire count asserting a constructive discharge claim. Finally, Plaintiff concurs that the City of Wilkes-Barre Fire Department should be dismissed as a named defendant due to the fact that the City of Wilkes-Barre is a party to the action.[1]

### A. Plaintiff's ADA Claim

The statute of limitations for ADA claims is two years. *See Burkhart v. Widener Univ., Inc.*, 70 Fed. Appx. 52, 53 (3d Cir. 2003) (holding Pennsylvania's two-year statute of limitations for personal injury and PHRA claims applies to ADA claims). The filing of an administrative complaint with the PHRA or EEOC does not toll the statute of limitations on an ADA claim. *See Id.* at 54 (holding "[b]ecause Title III does not require the exhaustion of state remedies, the fact that [the plaintiff] pursued a claim before the PHRC does not toll the statute of limitations"). The principal issue

---

[1] As an initial matter, we will dismiss the City of Wilkes-Barre Fire Department as a defendant in this case.

presented in the parties' briefs is whether the statute of limitations on Plaintiff's ADA claim began to run when the defendants demoted him or when he was allegedly forced to resign.  The parties further ask this court to determine if Plaintiff asserted a valid ADA constructive discharge claim in his amended complaint and, if so, whether that claim relates back to the date Plaintiff filed the original complaint.[2]

A cause of action accrues and the statute of limitations begins to run on an ADA claim when a plaintiff knows or has reason to know of the injury that is the basis for the action.  *See Burkhart*, 70 Fed. Appx. at 53; (citing *Toney v. U.S. Healthcare, Inc.*, 840 F. Supp. 357, 359 (E.D. Pa. 1993)).  In such cases, the court focuses on when the discriminatory act occurs, not when the consequences of that act become painful.  *See Id.* (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).  Fixing a date when a specific discriminatory act occurs is not possible in all cases.  The "hostile workplace environment" theory is available to address situations in which a plaintiff's claim is based on the cumulative effect of a thousand cuts, rather than on any one identifiable action on the part of a defendant.  *See O'Connor v. City of Newark,* 440 F.3d 125, 128 (3d Cir. 2006) (citing *AMTRAK v. Morgan*, 536 U.S. 101, 117-18 (2002)).  "In such cases, obviously the filing clock cannot begin running with the first act, because at that point the plaintiff has no claim; nor can a claim expire as to that

---

[2] This court's ruling on the statute of limitations issue will be dispositive of the defendants' motion.  For the purposes of this memorandum only, we assume that Plaintiff asserted a valid ADA claim based upon constructive discharge in the amended complaint and that the claim relates back to the date that Plaintiff filed the original complaint.  Accordingly, the date relevant to our statute of limitations inquiry is May 30, 2006, the date Plaintiff filed his original complaint, not October 12, 2006, the filing date of the amended complaint.

first act, because the full course of conduct is the actionable infringement." *Id*. (citing *Morgan*, 536 U.S. at 117-18). In the employment discrimination context, the Third Circuit advocates the "common-sense proposition that an applicable statute of limitations begins to run at the time the claim accrues, and that time-barred claims cannot be resurrected by being aggregated and labeled continuing violations." *Id.* at 129.

There exists no Third Circuit precedent identifying when the limitations period begins to run on an ADA constructive discharge claim. *See Gerhart v. Boyertown Area Sch. Dist.*, 2002 U.S. Dist. LEXIS 11935, 15, n. 9 (E.D.Pa. 2002) (noting no Third Circuit opinion deciding when statute of limitations for constructive discharge claim begins to run). Other circuit courts, however, have held that a constructive discharge claim accrues on the date the plaintiff gives notice of his or her resignation. *See Id.* (citing *Flaherty v. Metromail Corporation*, 235 F.3d 133, 138 (2nd Cir. 2000), and *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1110 (9th Cir. 1998) (holding period of limitation begins to run on the date of the resignation)); *see also Young v. National Center for Health Services Research*, 828 F.2d 235, 238 (4th Cir. 1987) (holding when employer makes "employee's job conditions so intolerable that a reasonable person would feel forced to resign, then the resignation is a constructive discharge -- a distinct discriminatory 'act' for which there is a distinct cause of action"); *American Airlines v. Cardoza-Rodriguez*, 133 F.3d 111, 123 (1st Cir. 1998) (holding constructive discharge triggered the limitations period in ADEA case). In adopting the reasoning of the *Flaherty* court, the Eastern District in *Gerhart*, held as follows:

7

> We agree with Flaherty, which explains, "In the case of constructive discharge, it is only the employee who can know when the atmosphere has been made so intolerable by the discrimination-motivated employer that the employee must leave." Plaintiff notified Defendant of her retirement on April 22, 1998, so this was the date on which the statutory period commenced with respect to her constructive discharge claim. Plaintiff seems to suggest that the date her retirement became effective, June 12, 1998, was the constructive discharge date, but this is clearly not the case under the Discovery Rule.

*Id.* (quoting *Flaherty*, 235 F.3d at 138).

The United States District Court for the Western District of Pennsylvania recently agreed with the Eastern District, suggesting that the Third Circuit would hold that the statute of limitations begins to run on a constructive discharge claim on the date that the plaintiff gives notice of his or her retirement. *See Graham v. Avella Area Sch. Dist.*, 2006 U.S. Dist. LEXIS 39258 (W.D.Pa. 2006). In *Graham*, the Western District agreed, "with the reasoning employed by the appellate court in *Flaherty* and by then-District Judge Franklin S. Van Antwerpen in *Gerhart*. Therefore, this Court finds and rules that the date on which Plaintiff's claims under Title VII, the ADEA, and the PHRA accrued is the date Plaintiff gave definite notice of her intention to retire . . ." *Id.* at 11.

*Gerhart*, *Graham*, and *Flaherty* do not concern ADA constructive discharge claims. Nonetheless, the reasoning those courts applied to other federal constructive discharge claims is equally applicable here. Nonetheless, we specifically refrain from offering our opinion as to what date the Third Circuit would select as the accrual date

8

for a constructive discharge claim.³ It is sufficient that we hold that the latest possible date that the limitations period could have began to run in this instance would have been May 29, 2004, the date Plaintiff gave notice of his resignation. That is the date that Plaintiff determined that the situation was made so intolerable by the defendants' actions that Plaintiff had to retire. The two-year statute of limitations would have expired on May 28, 2006. Plaintiff filed his original complaint two days later on May 30, 2006. Plaintiff's argument that the statutory period commenced the date his retirement became effective, May 31, 2004, is undeniably inconsistent with the Discovery Rule. *See Flaherty*, 235 F.3d at 138 (holding "the date that [plaintiff's] claim accrued was the date when she gave definite notice of her intention to retire"); *see also Gerhart*, 2002 U.S. Dist. LEXIS 11935, 15, n. 9 (holding date of notice of retirement, not date of actual retirement is the "constructive discharge date"); *see also Graham*, 2006 U.S. Dist. LEXIS 39258 at 11 (the date on which a plaintiff's

---

³
It is equally foreseeable that the Third Circuit could elect to apply the case-by-case, "common-sense" approach set forth in *O'Connor* to determine the accrual date of a plaintiff's ADA constructive discharge claim. In the instant case, there is one obvious act of alleged discrimination that served as the basis for Plaintiff's resignation and his subsequent suit. Fixing the accrual date for his claim at the time of Plaintiff's resignation would prove incongruent with the Discovery Rule, which instructs district court to focus "on when the discriminatory act occurs, not when the consequences of that act become painful." *Burkhart*, 70 Fed. Appx. at 53 (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)). While the later accrual date still acts to preclude Plaintiff's action in this instance, it is foreseeable that in other cases doing so would permit a plaintiff to resurrect an otherwise time-barred cause of action by labeling it a constructive discharge claim. We are unconvinced that the Third Circuit would permit a plaintiff to do in a constructive discharge case what he would be precluded from accomplishing in an ADA claim premised upon a "hostile workplace environment" theory. *See O'Connor,* 440 F.3d at 129 (holding "time-barred claims cannot be resurrected by being aggregated and labeled continuing violations").

constructive discharge claim accrued is the date he or she gave definite notice of her intention to retire). Accordingly, we will dismiss Count I of Plaintiff's amended complaint as it is plain from the face of the pleading that it was filed after the expiration of the statute of limitations. *See Hunt*, 174 Fed. Appx. at 681 (holding complaint dismissed under Rule 12(b)(6) as untimely when it is plain from the face of the pleading that it was not timely filed).[4]

### B.	Plaintiff's § 1983 Claim

Count III of Plaintiff's amended complaint contains his § 1983 claim. In that count, Plaintiff contends that he was demoted to Private in violation of the First and Fourteenth Amendments, that he was demoted due to political affiliations, that he was denied due process of law, and that he was forced to retire as a result. (*See* Amended Complaint, Doc. 15 at ¶¶ 56-59). The defendants assert that the two-year statute of limitations for a 42 U.S.C. §1983 began to run when they demoted Plaintiff on January 30, 2004. They contend that the statute of limitations expired prior to the filing the original complaint on May 30, 2006. (*See* Brief in Support, Doc. 17 at p. 12). Plaintiff counters that the § 1983 claim is based upon forced, involuntary retirement, as well as the defendants' decision to deny Plaintiff retirement incentives that had been offered to other firemen. (*See* Brief in Opposition, Doc. 23 at p. 5 and 6).

Claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985).

---

[4]	Because the May 30, 2006, complaint is time-barred, this court need not determine whether the ADA constructive discharge claim in Plaintiff's amended complaint relates back to the filing date of the original complaint.

The statute of limitations for a personal injury action in Pennsylvania is two years. 42 Pa.C.S.A. § 5524. Accordingly, the statute of limitations for a § 1983 claim filed in Pennsylvania is two years. *See Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir. 1985). A cause of action under § 1983 accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. *See Savage v. Bonavitacola*, 180 Fed. Appx. 384, 385 (3d Cir. 2006) (citing *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)).

It is clear from the allegations in the amended complaint that the conduct at issue is the demotion of Plaintiff. Plaintiff alleges that he was demoted to Private in violation of the First and Fourteenth Amendments, and that he was demoted due to political affiliations. (*See* Amended Complaint, Doc. 15 at ¶¶ 56-57). The statute of limitations began to run on January 30, 2004, the date when Plaintiff knew of the "injury that constitutes the basis of the cause of action." *See Savage*, 180 Fed. Appx. at 385. The limitations period expired on January 29, 2006. Plaintiff's § 1983 claim, initially filed on May 30, 2006, is untimely and must be dismissed.

Plaintiff fares no better if we assume, as we did in our review of the ADA claim, that Plaintiff asserted a valid § 1983 claim premised upon constructive discharge in the amended complaint and that the claim related back to the date Plaintiff filed the original complaint.[5]  Plaintiff's claim would still be time-barred. As noted in the

---

[5]

Constructive discharge may serve as "the basis of a § 1983 due process claim, under only two circumstances: (1) when the employer forces the employee's resignation or retirement by coercion or duress, or (2) when the employer obtains the resignation or retirement by deceiving or misrepresenting a material fact to the employee." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233 at n. 10 (3d Cir. 2006)

previous section, the statute of limitations on any claim for constructive discharge would have expired on or before May 28, 2006, two years after Plaintiff gave notice of his resignation and two days prior to the filing of the original complaint. Count III of Plaintiff's amended complaint will be dismissed.

### C. Plaintiff's State Law Claims

28 U.S.C. § 1367(c)(3) permits a district court to "decline to exercise supplemental jurisdiction over a [state law] claim . . . if [it] has dismissed all claims over which it has original jurisdiction . . .." "Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Bright v. Westmoreland County*, 443 F.3d 276, 286 (3d Cir. 2006) (citations omitted).

In addition to the claims dismissed in the sections above, Plaintiff's amended complaint contains the following state law claims: violation of the Pennsylvania Human Relations Act (PHRA), constructive discharge, violation of public policy, and breach of contract. (Amended Complaint, Doc. 15 at ¶ 3). We see no reason to retain those claims after dismissing Plaintiff's ADA and § 1983 claims at this early stage. Accordingly, we will decline to exercise jurisdiction over the remainder of Plaintiff's claims. *See* 28 U.S.C. § 1367(c)(3). Plaintiff's state law claims will be dismissed.

---

(citing *Leheny v. City of Pittsburgh*, 183 F.3d 220, 228 (3d Cir. 1999)).

12

**IV.    CONCLUSION**

Plaintiff's ADA and 42 U.S.C. § 1983 claims are barred by the applicable two-year statute of limitations. We decline to exercise supplemental jurisdiction over Plaintiff's state law claims. We will grant the defendants' motion, dismiss Plaintiff's amended complaint, and close this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD L. FIORUCCI : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 3:06-CV-1084 |
| : | (JUDGE KOSIK) |
| THE CITY OF WILKES-BARRE, : | |
| THE CITY OF WILKES-BARRE : | |
| FIRE DEPARTMENT, : | |
| THOMAS LEIGHTON, and : | |
| FIRE CHIEF JACOB LISMAN : | |
| : | |
| Defendants. : | |

## **ORDER**

AND NOW, this 14th day of March, 2007, IT IS HEREBY ORDERED THAT:

[1] the defendants' motion to dismiss (Doc. 16) is **GRANTED**;

[2] the plaintiff's amended complaint (Doc. 15) is **DISMISSED**; and,

[3] the Clerk of Court is directed to close this case.

s/Edwin M. Kosik

United States District Judge